IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DALE C. WRIGHT,

  Petitioner,

v.

ERNIE MOORE, WARDEN,
LEBANON CORRECTIONAL
INSTITUTION,

  Respondent.

CASE NO. 2:13-CV-0881
JUDGE MICHAEL H. WATSON
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On May 14, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *See* Doc. No. 11. This matter is before the Court on Petitioner's *Objection* to the Magistrate Judge's *Report and Recommendation* and a request for a certificate of appealability; Respondent's *Response;* Petitioner's *Reply*; Respondent's *Motion to Strike Petitioner's Reply;* and Petitioner's *Response in Opposition*.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, Doc No. 12, is **OVERRULED**. Respondent's *Motion to Strike*, Doc. No. 15, is **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **GRANTED**.

Petitioner asserts that the indictment against him is constitutionally invalid because it does not include the *mens rea* of recklessness required to prove the offense of child endangering. As a result, Petitioner argues that his murder conviction cannot

1

stand, because it requires that the death occur as a proximate result of the predicate felony, or child endangering. Petitioner further argues that the state court's application of *State v. Horner*, 126 Ohio St.3d 466 (2010)(*overruling State v. Colon*, 118 Ohio St.3d 26 (2008), to deny this claim violated his rights under the Ex Post Facto Clause. The Magistrate Judge recommended dismissal of the former claim on the merits; and the latter claim as waived based on Petitioner's failure to fairly present the ex post facto issue to the Ohio Supreme Court.

Petitioner objects to the Magistrate Judge's recommendations. He again raises all of the arguments he previously presented.

Petitioner objects to the Magistrate Judge's recommendation of dismissal on the merits of his claim regarding the constitutional validity of the Indictment. He raises the same arguments he previously presented. For the reasons set forth in the Magistrate Judge's *Report and Recommendation*, this Court likewise is not persuaded by Petitioner's arguments.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim regarding the alleged violation of the Ex Post Facto Clause as waived. He contends that he preserved this issue for review by referring to *Bouie v. City of Columbia*, 378 U.S. 347 (1964), and *Rogers v. Tennessee*, 532 U.S. 451 (2001), in his memorandum in support of jurisdiction to the Ohio Supreme Court, and in *Propositions of Law* two and four. *Objection,* Doc. No. 12, PageID# 1881. Petitioner contends that the nature of his claim sufficiently appraised the Ohio Supreme Court one under the Ex Post Facto Clause. PageID# 1882. Petitioner seeks review of this claim on the merits.

The record reflects that, in his "explanation of why this felony appeal raises substantial constitutional issues and is one of public or great general interest," Petitioner stated, in relevant part as follows:

> This felony appeal raises a number of substantial constitutional criminal issues and is one of public, or great general interest for several reasons. For this court's convenience, counsel will proceed in the order of the opinion of the court of appeals.
>
> \*\*\*
>
> [T]his case presents a classic example of changing the rules in the middle of the game in violation of ex post facto, as the court of appeals relied on this court's decision in *State v. Horner* (2010), 126 Ohio St.3d 466, despite the fact that *Horner* was issued 3 weeks after the events giving rise to this indictment. This cannot be allowed to stand.

*Exhibit 15 to Return of Writ*, PageID# 983. Petitioner asserted, in *Proposition of Law No. 2* in the *Memorandum in Support of Jurisdiction* in the Ohio Supreme Court, as follows:

> A consent search must be actually voluntary, free from coercion and more than mere acquiescence to police authority . . . .Fourth, Fifth & Fourteenth Amendments, U.S. Constitution, *Bouie v. City of Columbia* (1064), 378 U.S. 347, *Rogers v. Tennessee* (2001), 532 U.S. 451 (*Rogers*), *Schneckloth v. Bustamonte* (1973), 412 U.S. 218. . . .

*Exhibit 15 to Return of Writ,* Doc. No. 9, PageID# 980. Petitioner argued, in support of this *Proposition of Law,* that police undeniably had entered his home "with guns drawn and secured the claimed consent while appellant was detained at gunpoint. This cannot be voluntary under either *Bustamonte* or *Lakewood, supra*." PageID# 989. This argument could not have alerted the court to a claim under the Ex Post Facto Clause.

In *Proposition of Law 4*, Petitioner asserted:

3

> An indictment based on an incident which occurred prior to the decision in *State v. Horner*. . . must include any and all *mens rea* applicable to the statute in question and is not subject to amendment for the inclusion of any missing element (Art I, Sec 10, Ohio Constitution, *State v. Horner*, *State v. Colon* (2008). . . and *State v. Conley*. . . . construed and applied in light of the Fifth, Sixth & Fourteenth Amendments to the U.S. Constitution, *Russell v. United States* (1962), 369 U.S 749 & Rogers).

*Id.* In support of this *Proposition of Law* Petitioner argued as follows:

> [T]he incident giving rise to the offense occurred on August 1-2, 2010. *Horner* was not decided until August 27, 2010. As such, the law of *Colon* and *Conley* applied to appellant's situation. Art I, Sec 10/Art II, Sec 28, Ohio Const. In fact, in *Conley*, the 5th District outright dismissed an identically insufficient indictment with prejudice under essentially the same facts. *Id., Conley.* In this case, the state compounded the insufficient indictment by relying upon a strict liability theory contrary to *Colon* and *State v. Miley* (1996), 114 Ohio App.3d 738. *Horner* does not save our appellate court's inexplicable failure to do likewise here. *Id., Rogers.*

PageID# 990.

In determining whether a petitioner has fairly presented a federal claim to the state courts, a court considers 1) whether that petitioner relied on federal cases employing constitutional analysis; 2) relied on state cases employing federal constitutional analysis 3) phrased his claim in terms of constitutional law or in terms sufficiently particular to alleged a denial of a specific constitutional right; or 4) alleged facts well within the mainstream of constitutional law. *Whiting v. Burt*, 395 F.3df 602, 613 (6th Cir. 2005)(citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)(internal citation omitted).

For the reasons addressed in the Magistrate Judge's *Report and Recommendation,* Doc. No. 11, PageID# 1877, this Court is not persuaded that

4

Petitioner met these requirements here.  Petitioner argued that the indictment against him violated state law as it existed prior to the Ohio Supreme Court's decision in *Horner,* because it failed to include the required *mens rea* of child endangering, the predicate felony underlying his murder conviction.  That claim does not necessarily implicate the Ex Post Facto Clause.  In particular, the Court is not persuaded that Petitioner's passing reference to *Rogers*[1] sufficed to present an ex post facto claim to the state courts.  See *Gordon v. Taylor,* No. 10-20-DCR, 2012 WL 462916, at *9 (E.D. Ky. Jan. 20, 2012)(Passing references to federal law are insufficient to fairly present a federal issue to the state court)(citing *Blackmon v. Booker,* 394 F.3d 399, 400 (6th Cir. 2004); *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Katt v. Lafler,* 271 Fed.Appx. 479, 481 (6th Cir. 2008)).  A petitioner must do more than present facts underlying his claim for relief.  *Sweeny v. Gansheimer,* No. 1:09-cv-2377, at *10 (N.D. Ohio Sept. 14, 2010)(citations omitted).  Petitioner easily could have identified the nature of his claim

---

[1] In *Rogers,* the United States Supreme Court stated that the Ex Post Facto Clause :

> provides simply that "[n]o State shall ... pass any ... ex post facto Law." Art. I, § 10, cl. 1. The most well-known and oft-repeated explanation of the scope of the Clause's protection was given by Justice Chase, who long ago identified, in *dictum*, four types of laws to which the Clause extends:
>
> "1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action .2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Calder v. Bull,* 3 Dall. 386, 390, 1 L.Ed. 648 (1798) ( seriatim opinion of Chase, J.) (emphasis deleted).
>
> *Accord, Carmell v. Texas,* 529 U.S. 513, 521-525, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000); *Collins v. Youngblood,* 497 U.S. 37, 41-42, 46, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). As the text of the Clause makes clear, it "is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government." *Marks v. United States,* 430 U.S. 188, 191, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977) (citation omitted).

*Id.* at 456.

5

as one under the Ex Post Facto Clause, or included some analysis of how his conviction, or application of the Ohio Supreme Court's decision in *Horner* involving the sufficiency of an indictment, violated that federal right. He did not. It is not a court's function to scour the record or craft arguments on a petitioner's behalf. *See Nash v. Comm. Of Social Security*, No. 1:12-cv-2234, 2013 WL 4736736, at *3 (N.D. Ohio Sept. 13, 2013); *see also Johnson–Bey v. Brentwall LLC,* No. 4:06-cv-67, 2007 WL 2021861, at *2 (W.D. Mich. July 6, 2007)(same)(citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)).

That said, assuming arguendo, that Petitioner fairly presented a claim under the Ex Post Facto Clause, this Court is not persuaded that the appellate court's application of *Horner*, decided after the date of the offense charged, to deny his claim regarding the sufficiency of the Indictment violated the prohibitions set forth in the Ex Post Facto Clause.

The Constitution's bar against ex post facto laws does not apply to judicial decision making:

> The Ex Post Facto Clause, by its own terms, does not apply to courts. Extending the Clause to courts through the rubric of due process ... would circumvent the clear constitutional text. It also would evidence too little regard for the important institutional and contextual differences between legislating, on the one hand, and common law decision making, on the other.

*Rogers v. Tennessee*, 532 U.S. 451, 460 (2001). "[B]y its very text [the clause] applies only to a limitation on the powers of the legislature and not to judicial decisions." *McGhee v. Konteh*, No. 1:07cv1408, 2008 WL 320763, at *10 (N.D. Ohio Feb.1, 2008)(citing *Rogers*, at 456). (unpublished). That said, "'limitations on ex post facto

judicial decision making are inherent in the notion of due process.'" *Trewartha v. Brunsman*, 2009 WL 2009 WL 614963, at \*11 (citing *Rogers*, at 456). Thus, courts may not unexpectedly construe a criminal statute so as to criminalize conduct which had not been criminal prior to the court's new construction. *Id*. (citing *Bouie v. City of Columbia*, 378 U.S. 347 (1964)). The application of Horner, despite Petitioner's arguments to the contrary, did not do so here.

"[T]he Due Process and Ex Post Facto Clauses safeguard common interests-in particular, the interests in fundamental fairness (through notice and fair warning) and the prevention of the arbitrary and vindictive use of the laws." *Rogers*, at 459. In particular, the Ex Post Facto Clause prohibits

> Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action.2d. Every law that aggravates a crime, or makes it greater than it was, when committed.3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Calder v. Bull*, 3 Dall. 386, 390, 1 L.Ed. 648 (1798) ( seriatim opinion of Chase, J.) (emphasis deleted).

*Rogers v. Tennessee*, 532 U.S. at 456 (2001) (quoting *Calder v. Bull*, 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798) (Chase, J.)); *see also* U.S. Constit. Art. I, § 10.

The state appellate court's application of *Horner* to reject Petitioner's claim regarding the validity of the Indictment against him changed none of the elements of required to establish the offense charged or the penalties that he faced. Petitioner had fair notice of the charges against him so as to enable him to prepare a defense both before and after *Horner*. Application of *Horner* did not alter or change the state court's

7

criminalization of the offense, nor did it violate any of the concerns prohibited under the Ex Post Facto Clause.

Petitioner's *Objection,* Doc. No. 12, is **OVERRULED.** Respondent's *Motion to Strike,* Doc. No. 15, is **DENIED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner seeks a certificate of appealability. Where a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484. To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different ." *Barefoot,* 463 U.S ., at 893, and n. 4. In other words, a petitioner must establish that the issues presented were " 'adequate to deserve encouragement to proceed further.' " *Id.*

Where the Court dismisses a claim on procedural grounds, Petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" to obtain the certificate of appealability. *Slack v. McDaniel,* 529 U.S. at 484–85 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The Court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

8

Upon review of the record, this Court is persuaded that Petitioner has met this standard here. Petitioner's request for a certificate of appealability is **GRANTED**. The Court certifies the following issue for appeal:

1. Does Petitioner's claim regarding the constitutional validity of the Indictment warrant relief?

2. Does Petitioner's claim under the Ex Post Facto Clause warrant relief?

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court

9